

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Civil Action No. 3:07CR488

MARCUS CRAWLEY

MEMORANDUM OPINION

Marcus Crawley, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). The Government has moved to dismiss on the ground that the motion is barred by the one-year statute of limitations governing § 2255 motions. Crawley has responded. This matter is ripe for disposition.

I.   PROCEDURAL HISTORY

Crawley pleaded guilty to one count of conspiracy to interfere with commerce by threats of violence and one count of brandishing a firearm in relation to a crime of violence and a drug trafficking crime. On June 3, 2008, the Court sentenced Crawley to 234 months of imprisonment. (Docket No. 77.) Crawley failed to file a notice of appeal to the Court within the ten-day time limit then in effect. (§ 2255 Mot. 2);[1] Fed. R. App. P. 4 (West 2008) (amended 2009).[2]

---

[1] Crawley has submitted, in addition to his standard form § 2255 Motion, several pages of argument. Both the form motion

On November 17, 2009, Crawley executed the § 2255 Motion and placed it in the prison mail system. (§ 2255 Mot. 13.) Accordingly, the § 2255 Motion is deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Crawley raises one ground for relief: "The alleged robbery did not directly or indirectly affect Interstate commerce or the interstate nexus between alleged robbery and victim's interstate customers." (§ 2255 Mot. 4.)

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

---

and the argument have been docketed in the court's electronic filing system as one document. (Docket No. 90.) For ease of reference, the Court, when citing to the § 2255 Motion and/or the accompanying argument, will refer to the pagination given the entire document by the CM/ECF system.

[2] The 2008 rule read in relevant part: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A) (West 2008) (amended 2009). The 2009 amendment extended this time period from ten days to fourteen days. Fed. R. App. P. 4(b)(1)(A) (West 2011).

2

> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Crawley's conviction became final on Tuesday, June 17, 2008, the last date to file a notice of appeal with respect to his criminal conviction. See Clay v. United States, 537 U.S. 522, 527-28 (2003); United States v. Clayton, 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (2008) (requiring defendant to file an appeal within ten days of the entry of judgment). Crawley then had one year, or until Thursday, June 18, 2009, to file a motion pursuant to 28 U.S.C.

§ 2255. 28 U.S.C. § 2255(f). Crawley's § 2255 Motion was filed on November 17, 2009, 517 days after his conviction became final. (§ 2255 Mot. 13); see Houston, 487 U.S. at 276. Because Crawley did not file his § 2255 Motion within the one-year limit, the motion will barred by the statute of limitations unless he can demonstrate grounds for equitable tolling or that one of the later commencement dates for the limitations period should apply. See 28 U.S.C. § 2255(f).

B. **Belated Commencement**

Crawley alleges that he is entitled to belated commencement because he instructed his attorney to file an appeal in his case, and no appeal was ever filed. (§ 2255 Mot. 18.) As best as the Court can tell, Crawley argues that the limitations period should commence on the day that Crawley could have discovered that no appeal had been filed.[3] (Mot. Opp'n Mot.

---

[3] Concerning the interpretation of pro se submissions, the United States Court of Appeals for the Fourth Circuit has stated:

> Principles requiring generous construction of pro se complaints are not . . . without limits. . . . [These principles] do not require . . . courts to conjure up questions never squarely presented to them. District judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments . . . .

Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

Dismiss 3.) As pertinent here, belated commencement refers to the provision in § 2255 which reads in relevant part: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered though the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Specifically, Crawley suggests that he should be entitled to a belated commencement because "his District Court Counsel Robert Edley never made any contact to him concerning an appeal." (§ 2255 Mot. 12.)

Whether due diligence has been exercised is a fact-specific inquiry unique to each case. Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000). It is the petitioner's burden to prove that he or she exercised due diligence. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (citing Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." Id. (citing Aron, 291 F.3d at 712). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the

"statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

Once Crawley requested that counsel file an appeal, it was incumbent upon him to demonstrate that he diligently followed up with his attorney regarding the status of that appeal. See El-Abdu'llah v. Dir., Va. Dep't Corr., No. 3:07CV494, 2008 WL 2329714, at *2-3 (E.D. Va. June 4, 2008) (Spencer, J). Additionally, "when counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." Id. at *2 (citing Shelton v. Ray, No. 7:05CV00271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005)).

Here, Crawley fails to state whether counsel even responded to Crawley's request to appeal, much less what the substance of that response was. Indeed, Crawley admits that "his District Court Counsel Robert Edley never made any contact to him concerning an appeal and or the filing of a 2255 motion." (§ 2255 Mot. 12, 14.) Crawley fails to allege any facts indicating that he diligently followed up on his appeal request or acted upon counsel's lack of communications.

Counsel's failure to timely pursue an appeal was discoverable as of June 18, 2008, when it became a part of the public record. Wade v. Robinson, 327 F.3d 328, 333 (4th Cir.

2003); see Green v. Johnson, 515 F.3d 290, 3054 (4th Cir. 2008). However, "[a]lthough [the Court] acknowledge[s] that [Crawley] could have discovered his counsel's failure on [June 18, 2008], to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." Granger v. Hurt, 90 F. App'x 97, 100 (6th Cir. 2004) (citing Wims, 225 F.3d at 190 n.4).

In Granger the United States Court of Appeals for the Sixth Circuit held that waiting two months after sentencing to inquire about the status of an appeal was not unreasonable. Id.[4] However, the instant case is much more analogous to the Sixth Circuit's holding in Moore v. United States, No. 09-5212, 2011 WL 3930277 (6th Cir. Sept. 7, 2011). In Moore the petitioner, as here, offered "no evidence regarding when he discovered that his attorney had not filed the notice of appeal," nor did he "seek to preserve his appellate rights before filing this petition and offered no evidence to support his delayed-discovery claim." Id. at *3. Thus, the Moore petitioner failed to demonstrate the requisite due diligence. Id.

---

[4] However, the Granger petitioner's delayed discovery claim was supported by a dated letter from his attorney and his various state court filings seeking to perfect a direct appeal which demonstrated that he acted with due diligence. Granger, 90 F. App'x at 100.

Here, Crawley was, by his own admission, aware of the ten-day time limit for filing an appeal. (§ 2255 Mot. 25.) Crawley states that "Judge Payne had explained the rules of appeals to the attorney as well as to Petitioner Crawley and placed it on the record." (Id. at 18.) Crawley also indicates that counsel was not communicative with him regarding any appeal. (Id. at 14-15 ("Movant did ask his attorney for his second advice concerning his appeal, but counsel Robert Edley never informed his client of any right concerning any further steps.").)

Under the present facts a petitioner acting with reasonable diligence would have discovered that no appeal had been filed, at the latest, within four months following the date his judgment became final or as of Friday, October 17, 2008. Hence, Crawley was obliged to file his § 2255 Motion within one year of that date or as of Monday, October 19, 2009. 28 U.S.C. § 2255(f). He did not do so. Thus, Crawley's § 2255 Motion is time barred.

### C. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). As explained above, Crawley has not demonstrated that he "pursu[ed] his rights diligently" in this case. Holland, 130 S. Ct. at 2562.

Crawley has also asserted that he should be entitled to equitable tolling because his various prison transfers and the time his facility was on lockdown in August of 2008 constitute extraordinary circumstances. (Mot. Opp'n Mot. Dismiss 4.) Crawley fails to state specific facts, however, demonstrating why these circumstances prevented him from filing a timely petition. This Court has previously stated that "'[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (alteration in original) (quoting Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Accordingly, Crowley is not entitled

to equitable tolling. Because Crawley has not demonstrated any meritorious grounds for equitable tolling of the limitation period, the § 2255 Motion will be DENIED.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (Docket No. 102) will be GRANTED. Crawley's motion for relief under 28 U.S.C. § 2255 (Docket No. 90) will be DENIED, and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Crawley is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

10

The Clerk is directed to send a copy of the Memorandum Opinion to Crawley and counsel for the Government.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 5, 2012
Richmond, Virginia