IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                          Criminal No. 3:07CR488

MARCUS CRAWLEY,

     Petitioner.

### MEMORANDUM OPINION

Marcus Crawley, a federal inmate proceeding pro se, filed
this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 143) arguing
that his conviction and sentence are invalid under Johnson v.
United States, 135 S. Ct. 2551 (2015). The Government filed a
Motion to Dismiss the § 2255 Motion contending that it is barred
by the relevant statute of limitations. (ECF No. 149.) For the
reasons set out below, Crawley's Johnson claim lacks merit and
will be dismissed on that ground.

## I.    FACTUAL AND PROCEDURAL HISTORY

A grand jury returned a four-count Superseding Indictment
charging Crawley with one count of conspiracy to interfere with
commerce by threats and violence, in violation of 18 U.S.C.
§ 1951(a) ("conspiracy to commit Hobbs Act robbery") (Count One);
one count of attempt to possess with intent to distribute cocaine
hydrochloride and cocaine base, in violation of 21 U.S.C.
§ 841(a)(1) (Count Two); one count of using, carrying, and
brandishing firearms during and in relation to a crime of violence

and a drug trafficking crime as alleged in Counts One and Two, in violation of 18 U.S.C. § 924(c) (Count Three); and, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Superseding Indictment 1-4, ECF No. 29.) On March 7, 2008, Crawley pled guilty to Counts One and Three of the Superseding Indictment. (Plea Agreement ¶ 1, ECF No. 45.) On June 3, 2018, the Court sentenced Crawley to one hundred and fifty months on Count One and eighty-four months on Count Three to run consecutively. (J. 2, ECF No. 77.)

On June 6, 2016, Crawley filed this § 2255 Motion arguing that his conviction under 18 U.S.C. § 924(c) in Count Three must be vacated because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations. It is not necessary to address the timeliness of Crawley's § 2255 Motion because it lacks substantive merit.

## II. ANALYSIS

Crawley's Johnson claim plainly lacks merit. It is settled that a district court may summarily dismiss a § 2255 motion "if it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994); Raines v. United

States, 423 F.2d 526, 529 (4th Cir. 1970) ("Where the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate.")

In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," 135 S. Ct. at 2563, because the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an was unconstitutionally vague manner for the reason that the residual clause encompassed "conduct that presents a serious potential risk of physical injury to another." Id. at 2557-58 (citation omitted). Subsequently, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

Crawley contends that after Johnson, the offense of conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, that his conviction under Count Three must be vacated.[1] Crawley is incorrect.

---

[1] Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence or in connection with a drug trafficking crime. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm,

The Court notes that the Fourth Circuit's recent decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) found that conspiracy to commit Hobbs Act robbery is not a valid crime of violence under the force clause of § 924(c)(3)(A). In Simms, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). Id. at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

---

the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:

(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in United States v. Davis, 139 S. Ct. 2319, 2339 (2019).

4

Id. at 233-34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. Id. at 236.

Section 924(c) prohibits using, carrying, or possessing a deadly weapon in connection with "any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). In this case, Crawley's § 924(c) conviction in Count Three was predicated on both conspiracy to commit Hobbs Act robbery, and on use, carry, and brandish firearms during a drug trafficking crime as charged in Count Two. The Superseding Indictment clearly indicated that the § 924(c) conviction charged in Count Three was predicated on the conduct as alleged in Count One, conspiracy to commit Hobbs Act robbery, and Count Two, the drug trafficking charge. (Superseding Indictment 3.) In the Statement of Facts supporting the guilty plea, the Government provided the factual basis for the guilty plea, and the factual basis for the § 924(c) charge clearly included both the conspiracy to commit Hobbs Act robbery offense charged in Count One and the drug trafficking crime charged in Count Two. (Statement of Facts ¶¶ 1-7, 17-20.) Crawley agreed in the plea colloquy that he understood the charges against him. (ECF No. 41, at 2.)

Thus, even though the conspiracy to commit Hobbs Act robbery charged in Count One is no longer a crime of violence after Simms, Crawley's § 924(c) conviction remains valid because it also rests on the drug trafficking crime charged in Count Two. United States

v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (explaining that a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and in furtherance of a drug trafficking crime not affected by Johnson because "[s]ection 924(c) prohibits possession of a firearm in furtherance of a crime of violence or a drug trafficking crime."); see Fripp v. United States, Nos. 4:08-cr-00275-RBH, 4:16-cv-02461-RBH, 2019 WL 2368459, at *2-3 (D.S.C. June 5, 2019) (finding petitioner not entitled to relief under Johnson or its progeny when §924(c) also predicated on a drug trafficking crime). Thus, Crawley's claim pursuant to Johnson lacks merit and will be dismissed.

### III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 149) will be denied as moot. The § 2255 Motion (ECF No. 143) will be denied. Crawley's claim and the action will be dismissed. Crawley's Petition to Recall the Mandate (ECF No. 154) will be denied. Any such request to recall the mandate must be directed to the United States Court of Appeals for the Fourth Circuit. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Crawley and counsel of record.

/s/    REP

Robert E. Payne
Date: September 10, 2019    Senior United States District Judge
Richmond, Virginia

6